UNITED STATES DIST4RICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HOOD,

     Plaintiff,

vs                               Case No:  12-13855
                                    Honorable Victoria A. Roberts

CHASE MANHATTAN MORTGAGE CORPORATION,

     Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS (DOC. 7); GRANTING
PLAINTIFF'S REQUSET TO AMEND COMPLAINT; AND,
ORDERING PLAINTIFF'S COUNSEL TO PAY COSTS**

**I.  INTRODUCTION**

     This matter, removed from state court based on both diversity and federal question

jurisdiction, is before the Court on Chase Manhattan Mortgage Corporation's Motion to Dismiss

under Federal Rule of Civil Procedure 12(b)(6). Joseph W. Hood filed this consumer lending

case in Genesee County Circuit Court to set aside a foreclosure of real property ("Property") in

Linden, Michigan.

     Hood's complaint asserts the following claims: Count I- Fraudulent Misrepresentation;

Count II- Violation of Michigan's Mortgage Brokers, Lenders, and Servicer Licensing Act

("MBLSLA"); Count III- Breach of Contract; Count IV- Violation of the Real Estate Settlement

Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"); Count V- Violation of the

Home Ownership and Equity Protection Act ("HOEPA"); Count VI- Quiet Title; Count VII-

Improper Foreclosure under M.C.L. § 600.3204; Count VIII- Malpractice; and Count IX-

Injunctive Relief.

Chase says Hood's complaint fails to state a claim. Hood opposes the motion but also requests to amend his complaint.

Chase's Motion to Dismiss is **GRANTED IN PART**, and **DENIED IN PART.** Hood's request to amend his complaint is **GRANTED**. Counsel for Hood is **ORDERED** to pay costs.

## II.  BACKGROUND AND PROCEDURAL HISTORY

In 2003, Hood obtained a loan from Chase to purchase the Property. Prior to closing, a third-party appraised the Property. On March 10, 2003, Hood and Chase closed on a $205,000 loan ("Loan"). Hood executed a promissory note and granted a mortgage on the Property to Chase as mortgagee.

On January 28, 2011, Chase sent notice to Hood that he was in default on the Loan. On February 21, 2012, Chase offered Hood a forbearance plan to reduce Hood's monthly mortgage payment ("Forbearance Plan") because Hood was unemployed. The Forbearance Plan stated it was only temporary while Hood attempted to cure his arrearage. It expired on August 1, 2012. Moreover, the Forbearance Plan said it was not a loan modification, that the original terms of the Loan remained in effect, and that any payments accepted under the Forbearance Plan did not waive any prior default.

Hood filed for bankruptcy on March 16, 2012. On August 1, 2012, Chase foreclosed on the Property because Hood had not made a mortgage payment since March 28, 2012, and he had not cured his arrearage. Chase foreclosed by advertisement and published the foreclosure notice. There has not been a sheriff's sale and there are no issues concerning Hood's redemption period.

On August 21, 2012, Hood filed suit in state court to set aside Chase's foreclosure. Chase removed to this Court.

2

III. ANALYSIS

A.  **Hood's Supplemental Response and Request to Amend Complaint**

After this motion had been fully briefed, Hood, without the Court's permission, filed a supplemental response. In it, he raised new arguments and asked the Court for permission to amend his complaint. Hood did not seek Chase's concurrence. Further, Hood did not file a proper motion to amend or attach a proposed amended complaint.

### i. Hood's Supplemental Response

Under Eastern District of Michigan Local Rule 7.1(e)(1)(B), a response to a motion to dismiss for failure to state a claim "must be filed within 21 days" after the motion is served. If a response is filed after time has lapsed without asking leave from the Court to do so, the Court does not have to consider it. *See Lorillard Tobacco Co., v. Zoom Enterprises, Inc.,* No. 10-13985, 2011 WL 3664351(E.D. Mich. Aug. 18, 2011).

Hood improperly filed a supplemental response. He does not state why he filed his second response; however, it is undoubtedly because his initial response failed to rebut Chase's motion.  While Hood is responsible for the acts or omissions of his counsel, the Court believes it is unjust to punish Hood for his counsel's mistakes.

The Court will consider Hood's supplemental response.

### ii. Hood's Request to Amend His Complaint

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (West 2012). In general, leave to amend a complaint should be liberally granted. *Forman v. Davis,* 371 U.S. 178, 182 (1962). Even so, "district courts can exercise their discretion to deny a motion for leave

to amend based on 'undue delay, bad faith or dilatory motive . . . [or] futility of amendment.'"
*Prater v. Ohio Educ. Ass'n.,* 505 F.3d 437, 445 (6th Cir. 2007) (quoting *Forman,* 371 at 182).
The Court may deny a motion to amend if the "proposed amendment would not survive a motion
to dismiss[.]" *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376,
383 (6th Cir. 1993).

Hood's counsel improperly requested leave to amend Hood's Complaint by not seeking
Chase's concurrence, by not filing a proper motion, and by failing to attach an amended
complaint. However, given the liberal amendment rule, Hood will be allowed to amend his
complaint.

The Court will examine each claim to decide whether an amendment would be futile;
whether a claim would not survive a motion to dismiss will be the test.

### A.  Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal
sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134
(6th Cir. 1996). When a court is presented with a Rule 12(b)(6) motion, it may consider the
complaint and any attached exhibits, public records, items appearing in the record of the case and
exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint
and are central to the claims. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). A
Court will "construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells,*
506 F.3d 422, 426 (6th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556
U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although

4

a complaint need not contain 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

Whether a complaint sets forth a claim plausible on its face is "a context-specific task that requires the reviewing court to draw on its experience and common sense." *Iqbal,* 556 U.S. at 663-64. Moreover, because a motion to dismiss rests on the pleadings rather than the evidence, "[i]t is not the function of the court to weigh evidence" in ruling on such a motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

### B. Defendant's Standing Argument Fails

Chase argues that Hood lacks standing to bring any claims concerning the Property because Hood failed to list any potential claims he had against Chase in his bankruptcy petition. The Court will not consider Chase's argument.

Chase relies on multiple cases and 11 U.S.C. § 541 of the bankruptcy code to support its assertion. Chase's argument is that because Hood did not list his interest in this lawsuit in his bankruptcy petition in March 2012, Hood's interest, and, therefore, his standing, rightfully belong to the bankruptcy trustee and the bankruptcy estate

Chase supports its argument by providing Hood's bankruptcy petition and his notice of discharge. However, Hood's Complaint contained no information concerning his bankruptcy, nor did it reference any documentation. The Court would have to examine extrinsic evidence. Because the Court would have to look beyond Hood's Complaint in considering this motion to dismiss based on the pleadings, the Court will not consider Chase's argument. *See Miller v. Curries*, 50 F.3d 373, 377 (6th Cir. 1995).

5

### C.  Claims Barred by the Statute of Limitations

Chase asserts that Counts I, IV, V, and VII are time barred by each claim's respective statute of limitations. Each claim alleges wrongdoing by Chase at the time the Loan was entered into — March 10, 2003. That date is when the various limitations periods began to accrue.

Under the Federal Rules of Civil Procedure, the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c). A plaintiff is not required to rebut affirmative defenses in his or her complaint in order to state a valid claim. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "For this reason, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.*

But, there is an exception to that rule when "the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* Then, "dismissing the claim under Rule 12(b)(6) is appropriate. *Id.* (citing *Jones v. Bock,* 549 U.S. 199, 215 (2007)).

Therefore, the Court will consider Chase's statute of limitations argument for Counts I, IV, V, and VII.

#### i. Count I-Fraudulent Misrepresentation

Count I alleges Chase made fraudulent representations and failed to disclose material information to Hood when the Loan was entered into.

Fraudulent misrepresentation is "a standard fraud claim based on an affirmative statement." *Hord v. Environmental Research Inst.*, 579 N.W.2d 133, 135 n.1 (Mich. App. 1998). Under Michigan law, the statute of limitations for a fraud claim is governed by Mich. Comp. L.

§ 600.5813. *See Boyle v. Gen. Mot. Corp.*, 661 N.W.2d 557, 558 (Mich. 2003). Fraud claims have a six-year limitations period. *Id;* M.C.L. § 600.5813.

The time at which the statute of limitations is triggered is governed by Mich. Comp. L. § 600.5827. *Id.* at 560. Under M.C.L. § 600.5827: "[T]he period of limitations runs from the time the claim accrues." Absent a specific statutory exception, "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Id.* Further, the discovery rule does not apply to fraud claims. *Boyle,* 661 N.W.2d at 560.

Chase's alleged fraud occurred before or at the time the parties executed the Loan — March 10, 2003. At the latest, the six-year limitations period began to accrue at that date, and the limitation period expired no later than March 10, 2009. Hood filed his claim in 2012 and it is time barred.

### ii. Count IV- Violations of the Federal Real Estate Settlement Procedures Act and the Truth in Lending Act

Count IV alleges Chase violated either, or both, the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") based on numerous fraudulent acts at the time the Loan was entered into. Hood requests damages and recession of the Loan.

The Court will address both statutes because Hood raises the possibility that both were violated.

### a.  Plaintiff's RESPA Claim is Barred

RESPA is found under 12 U.S.C. § 2601 *et. seq.* Under § 2614, RESPA contains two limitations periods. *See* 12 U.S.C. § 2614 (West 2012). Violations of § 2607 (prohibition against kickbacks and unearned fees) and § 2608 (title insurance not required) carry a one-year statute of limitations. *Id.* Violations of § 2605 (servicing of mortgage loans) have a three-year statute of limitations. *Id.* Both limitations periods accrue "from the date of the occurrence of the violation

[.]" *Id.* "'[D]ate of the occurrence' in § 2614 refers to the date of the closing." *Harris v. CitiMortgage, Inc.*, 787 F.Supp.2d 154, 162 (D.D.C. 2012).

Hood and Chase executed the Loan on March 10, 2003. Any potential violation under either limitation period would have expired in either 2004 or 2006. Any RESPA claim Hood had is time barred.

### b.  Plaintiff's TILA Claim is Barred

Similarly, TILA, 15 U.S.C. § 1601 *et. seq.*, contains two limitations periods. For damage claims, "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1640(e) (West 2012).  Claims for rescission have a three-year limitations period that begins to accrue on "the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" *Id.* § 1635(f).

Hood's TILA claim accrued no later than March 10, 2003, and any potential claim expired in either 2004 or 2006. Hood's TILA claim is time barred as well.

### iii. Count V- Violation of the Home Ownership and Equity Protection Act

Count V alleges Chase violated 15 U.S.C. § 1639(h) — also known as the Home Ownership and Equity Protection Act ("HOEPA") — by providing Hood with a fraudulent loan.

HOEPA is an amended provision contained within TILA. *See Thielen v. GMAC Mortg. Corp.*, 671 F.Supp.2d 847 (E.D. Mich. 2009). Under 15 U.S.C. § 1639(h):

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumer' current and expected income, current obligations, and employment.

Accordingly, "[a]ny action under this section with respect to any violation [under § 1639] may be brought in any United States district court, or in any other court of competent

jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

Hood's allegations center on conduct that occurred prior to the March 10, 2003 closing date. Even if Hood could plead a HOEPA claim, it expired no later than March 10, 2006. Count V is time barred.

### iv. Count VII- Malpractice

Count VII alleges Chase committed malpractice by requiring Hood to purchase an erroneous appraisal for the Property prior to the Loan closing date.

The statute of limitations for malpractice claims is two years. Mich. Comp. L. § 600.5805(6). That "claim accrues 'at the time the wrong upon which the claim is based was done regardless of the time when the damage results.'" *Lemmerman v. Fealk*, 534 N.W.2d 695, 697 (Mich. 1995) (quoting M.C.L. § 600.5827). In other words, "the plaintiff's claim accrues '[o]nce all of the elements of an action . . . are present." *Ohio Farmers Ins. Co. v. Shamie,* 622 N.W.2d 85, 88 (Mich. Ct. App. 2000).

Hood's Complaint alleges that Chase's required appraisal was completed prior to the closing date of March 10, 2003. The two year statute of limitations began to run before that date and expired in 2005. Count VII is barred by the statute of limitations.

### D.  Equitable Tolling Does Not Apply

Hood asks that the statute of limitations for Counts I, IV, V, and VII be equitably tolled based on Chase's alleged fraud. Hood's argument fails.

Where a plaintiff alleges fraudulent concealment by a defendant, "the statute of limitations . . . is subject to equitable tolling in appropriate circumstances . . . ." *Borg v. Chase Manhattan Bank USA, N.A.*, 247 Fed.Appx. 627, 635 (6th Cir. 2007). For equitable tolling to

apply, a plaintiff must establish: "'(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'" *Hamilton County Bd. Of Com'rs v. National Football League,* 491 F.3d 310, 315 (6th Cir. 2007) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)).

Hood does not sufficiently plead the basis for his equitable tolling claim. And, amendment would be futile. Even if Hood could establish the first two elements for equitable tolling, he cannot meet the third element — due diligence.

Chase's alleged misconduct occurred before or at the time the Loan was executed. Hood claims that Chase withheld documents, failed to disclose fees and charges, provided a fraudulent loan, and failed to consider his ability to repay the loan. That was nine years before suit was filed. That means Hood did not review Loan documents and did not uncover anything unusual when he paid on his mortgage or negotiated the Forbearance Plan. Only after Hood defaulted and Chase foreclosed on his property did Hood "discover" Chase's alleged wrongdoing.

The Court finds that Hood did not exhibit the diligence that would make this matter an appropriate circumstance for equitable tolling. Because Hood cannot plead a claim for equitable tolling, the statute of limitations bars Counts I, IV, V, and VII and they are dismissed.

### F.  Hood's Remaining Claims

#### i. Count II- Violation of Mortgage Brokers, Lenders, and Servicer Licensing Act

Count II alleges Chase violated Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA") — M.C.L. § 445.1672 *et. seq.* However, the MBLSLA provides for claims to be enforced by the commissioner. M.C.L. § 445.1663 (West 2012); this statute "does not provide for a private right of action." *Shaya v. Countrywide Home Loans, Inc.*, No. 10-13878, 2011 WL 1085617 (E.D. Mich. Mar. 22, 2011).

10

There is no legal basis to support Count II and the Court dismisses it.

### ii. Count III- Breach of Contract

Chase argues that Count III should be dismissed because Chase did not breach, Hood breached first, and if Hood is claiming breach of an oral contract, that claim is barred by the statute of frauds. Count III alleges a general breach of contract claim:

> 42. As set forth above plaintiffs (sic) and defendant entered into an agreement whereby they enter (sic) into the Loan/Forbearance (sic).

> 43. Plaintiffs (sic) paid under the Loan/Forbearance as directed by Defendant.

> 44. Defendant notwithstanding the agreement to modify and acceptance of payments, foreclosed upon the subject premises.

> 45. Defendants (sic) breached said agreement by failing to disclose material facts, by making false and misleading statements and by having Plaintiff rely on a grossly inflated appraisal as set forth above.

> 46. the breach of contract was a proximate cause of the injuries, damages and losses of Plaintiffs (sic) as set forth above.

From other language used in Hood's Complaint, it appears he claims breach in connection with the 2003 Loan and the 2012 Forbearance Plan.

Under Michigan law "one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Flamm v. Scherer*, 198 N.W.2d 702, 706 (Mich. Ct. App. 1972).

Chase is correct — Hood's default under both agreements precludes him from asserting a breach of contract claim. The Loan and the Forbearance Plan are referenced in Hood's Complaint. Under both agreements, Hood's failure to pay is a default and Chase can accelerate the remaining balance. Hood failed to make payments under the Loan, so Chase sent him a default notice. That led to the Forbearance Plan — which required reduced payments until August 2012. Hood only paid through March 2012. Because Hood was in default under both

11

agreements, Chase foreclosed in August 2012. Hood's breach of contract claim under either

agreement is barred.

Hood also says Chase potentially breached by failing to honor an oral promise to modify

the Loan. This claim is barred by the statute of frauds.

Michigan's statute of frauds provides:

(2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitments is in writing and signed with an authorized signature by the financial institution:

(a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

(b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

(c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. L. § 556.132(2) (West 2012). This provision "plainly states that a party is

precluded from bringing a claim--no matter its label--against a financial institution to enforce the

terms of an "oral" loan modification. *Crown Tech. Park v. D & N Bank, FSB,* 619 N.W.2d 66, 72

(Mich. Ct. App. 2000).

The Court GRANTS Chase's Motion to Dismiss Count III.

### iii. Count VI- Quiet Title

In Count VI, Hood seeks to quiet title to the Property in himself. A quiet title action is

governed by Michigan statute. Under M.C.L. § 600.2932(1):

Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

12

This statute "'codifie[s] actions to quiet title and authorize[s] suits to determine competing parties' respective interests in land.'" *Gregory v. CitiMortgage, Inc.*, 890 F.Supp.2d 791, 803 (E.D. Mich. 2012). The essence of a quiet title action is a dispute between parties over whose title is superior. *See, id.*

In mortgage default cases, a mortgagor usually asserts a quiet title claim after his or her property is foreclosed on, sold at a sheriff's sale, and the statutory redemption period ends. *Id.* Then, there is a possible dispute because "a former owner's right, title, and interest in property are extinguished upon the expiration of the redemption period" and the purchaser of the property at the sheriff's sale has title. *Id.*

Chase foreclosed on the Property on August 1, 2012. However, there has been no sheriff's sale and, therefore, the redemption period has not been triggered. Hood still has title to the Property. Until there is a sheriff's sale, there is no dispute over title.

Count VI is premature and the Court dismisses it.

### iv. Count VII- Improper Foreclosure

Count VII alleges that Chase violated Mich. Comp. L. § 600.3204 and Mich. Com. L. § 600.3205a because Chase improperly foreclosed and failed to provide proper notice. Chase argues Count VII should be dismissed because notice was proper, given Hood's type of residence. Chase's argument is factually based and requires weighing evidence, which the Court will not do.

However, Hood fails to specify which section of § 600.3204 was violated and he fails to allege what Chase was required to do and how the statute was violated. Moreover, Hood does not specify how § 600.3205a was violated and what Chase's duties were. Hood must plead the appropriate factual and legal basis for such a claim to save it from dismissal. Although Hood's

supplemental response provides more information than his Complaint, it still fails to provide

Chase requisite notice of its alleged wrongful conduct. *See Iqbal*, 556 U.S. at 898-99.

The Court DENIES Chase's Motion to Dismiss Count VII, and orders Hood to amend his

Complaint to plead with more specificity.

### v. Count IX- Injunctive Relief

Count IX requests a temporary restraining order and, or, a temporary injunction in light

of Chase's foreclosure on the Property. Chase argues Count IX should be dismissed because "It

is well settled that an injunction is an equitable remedy, not an independent cause of action."

*Terlecki v. Stewart*, 754 N.W.2d 899, 912 (Mich. Ct. App. 2008) (citation omitted).

Michigan law is settled. Hood may include injunctive relief in his amended complaint as

part of his requested relief; however, it is not an independent cause of action.

The Court GRANTS Chase's Motion to Dismiss Count IX.

### G.  Hood's Counsel is Ordered to Pay Costs

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any

case unreasonably and vexatiously may be required by the court to satisfy personally the excess

costs . . . reasonably incurred because of such conduct." "[A] court may sanction an attorney

under § 1927 for unreasonably and vexatiously multiplying the proceedings 'despite the absence

of any conscious impropriety.'" *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 396

(6th Cir. 2009) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)).

Sanctioning an attorney under § 1927 is appropriate "'without a finding of bad faith, at

least when an attorney knows or reasonably should know . . . that his or her litigation tactics will

needlessly obstruct'" the litigation process. *Id.* (quoting *Ridder v. City of Springfield*, 109 F.3d

288, 298 (6th Cir. 1997)). Sanctionable conduct is something "'that trial judges, applying the

collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result causes additional expense to the opposing party.'" *Id.* (quoting *Riddler*, 109 F.3d at 298). "The primary goal of [§ 1927] is deterrence and punishment." *Jones v. Mathai*, 758 F.Supp.2d 443, 448 (E.D. Mich. 2010).

Hood's counsel made numerous errors in filing Hood's supplemental response. Those include: filing a response after the case was fully briefed; requesting leave to amend without seeking Chase's concurrence; requesting leave to amend without the Court's permission; requesting leave to amend that was not a properly formatted motion; and, failing to attach a proposed amended complaint.

The Court finds counsel's conduct to be worthy of sanctions under § 1927. and orders him to pay court costs.

### IV. CONCLUSION

For the above reasons:

(1) Chase's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART.** Counts I, II, III, IV, V, VI, VIII, and IX are dismissed; Count VII remains pending;

(2)  Hood's request to amend his complaint is **GRANTED**; the Court orders Hood to amend his complaint not later than May 15. 2013, to sufficiently plead a violation of foreclosure by advertisement under M.C.L. § 600.3204;

(3) Hood's counsel must pay costs in the amount of $500.00 to the Court not later than May 15, 2013; and

(4) If both of these things have not been completed by May 16, 2013, the Court will dismiss this cause of action.

**IT IS ORDERED**.

<div style="margin-left:40%">

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

</div>

Dated:  April 16, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 16, 2013.<br><br>S/Linda Vertriest<br>Deputy Clerk |